**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10456
Summary Calendar

United States of America,

Plaintiff-Appellee,

VERSUS

Keith Gene Winterowd,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(3:95-CR-062-T)

May 12, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Gene Winterowd appeals his conviction and sentence for mail fraud in violation of 18 U.S.C. § 1341 and for presenting false statements to a government agency in violation of 18 U.S.C. § 287. Winterowd argues that the district court committed plain error in failing to submit the question of materiality to the jury

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

on both counts. He further maintains that, under U.S.S.G. § 3B1.1(a), the court erred by increasing his base offense level four steps for his role as a leader or organizer in the crime, and that the court erred in denying his motion for a mistrial.

Winterowd's argument that the district court erred in submitting the question of materiality to the jury on the § 287 offense is foreclosed by this court's precedent. See United States v. Upton, 91 F.3d 677, 684-85 (5th Cir. 1996)(holding that materiality is not an element of a § 287 offense).

Winterowd also asserts that the district court failed to instruct the jury on materiality regarding his § 1341 offense, and that this failure was in contravention of United States v. Gaudin, 115 S.Ct. 2310 (1995). We find, however, that the court instructed the jury to determine whether the misrepresentations made by Winterowd were material. Under Gaudin, therefore, the court's instruction was not plainly erroneous. See United States v. Calverly, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), cert. denied 115 S.Ct. 1266 (1995).

The district court's finding that Winterowd was a leader and organizer of five or more participants was also not clearly erroneous because the employees involved were criminally responsible participants. See United States v. Musquiz, 45 F.3d 927, 932-33 (5th Cir.), cert denied, 116 S.Ct. 54 (1995).

The district court's order denying the defendant's motion for

a mistrial was not an abuse of discretion. The basis for Winterowd's motion was improper testimony elicited by the government. The testimony did not have a substantial impact upon the jury verdict, however, and any error was cured by the court's subsequent cautionary instruction. See United States v. Limones, 8 F.3d 1004, 1007 (5th Cir. 1993); see also United States v. Neal, 27 F.3d 1035, 1051 (5th Cir. 1994).

**AFFIRMED.**